**Henry Franklin COX, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17477.**

Court of Criminal Appeals of Oklahoma.

April 4, 1973.

Rehearing Denied April 30, 1973.

Curtis A. Parks, Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Kenneth L. Delashaw, Jr., Legal Intern, for appellee.

BUSSEY, Judge:

Henry Franklin Cox, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County, Case No. CRF-71-2100, in a two-stage proceeding, and sentenced to a term of ten (10) years imprisonment for the crime of Indecent Exposure, After Former Conviction of a Felony.

Briefly stated, the facts are that Mrs. Verlene Crawford, whose residence was in an apartment at 1208 East First Street, Tulsa, Oklahoma, was watching her two year old child playing in the gravel private parking lot between her residence and a garage apartment occupied by the defendant, some fifty feet distance. Mrs. Crawford testified that the apartment occupied by the defendant was on the second story and that there were two windows facing west toward her rear door. She testified that she observed a crow in a large tree, the branches of which extended over the defendant's apartment. She testified that she first observed the defendant seated near the window, naked from the waist up, and that he motioned at her and gestured, spoke something which she could not understand, then stood up in front of the window naked and exposed his private parts. Mrs. Crawford took her small child into the apartment, notified the police, and waited for them at the front door until they arrived in approximately five minutes.

Officers Jarrett and Mayberry arrived at the residence of Mrs. Crawford, were informed by her what had transpired, and she pointed out the apartment windows in which the defendant had exposed himself. They were joined by Officer Hanks. The only entrance, or exit, to the apartment was a flight of stairs. They ascended the stairs, attempted to arouse the occupant, but were unable to do so, descended the stairs, procured keys from the owner of the apartment, returned to the apartment, unlocked the door, called out for Mr. Cox, whose name they had learned from the owner of the apartment. They searched the living room, kitchen and bathroom, and found the defendant hiding, nude, but for stockings on his feet, under and behind the headboard of a bed in the room from which the witness, Mrs. Crawford, had said he exposed himself.

The State rested, and the defendant did not offer any testimony in his behalf. The Court instructed the jury and the jury returned a verdict finding the defendant guilty. Thereafter, counsel for the State and defendant stipulated to the three prior felony convictions for the offenses of Indecent Exposure (2 convictions) and Driving While Under the Influence of Intoxicating Liquor, Second Offense, which were

final judgments and sentences in which proceedings the defendant had been represented by counsel. The Court instructed the jury as to the punishment and thereafter the jury returned a verdict fixing his punishment at the minimum sentence of ten (10) years imprisonment for Indecent Exposure, After Former Conviction of a Felony.

█ It is first contended that the evidence is insufficient to support the verdict of the jury. We disagree. The testimony of Mrs. Crawford was uncontroverted and was in substance that the defendant gestured at her, exposed himself, and she was offended thereby, as evidenced by her calling the police who arrived a few minutes later. Her evidence was further corroborated by the fact that the officers, having failed to gain entrance to the defendant's apartment, had to secure the key and after searching for the defendant, found him hiding under the headboard of the bed, clothed only in his stockings. We find this contention to be wholly without merit.

As his final proposition, defendant contends that the verdict was obtained under the influence of passion and prejudice aroused by improper comments made by the prosecuting attorney in his closing argument to the jury. From the record it appears that the following occurred:

"Now the beckoning, the looking was made instantly before he stood up and exposed his private parts to her, he was naked as a jaybird, he had nothing on at that point. She testified he sat down again, made another gesture looking at her and made another gesture with his hand, stood up again, exposed—

MR. SCOTT: Your Honor—

MR. KEATING: It was—

MR. SCOTT: —I don't believe this was the testimony that was stated by the witness. I believe the witness stated that he stood up one time and gestured one time. Before that time, if the prosecutor would like to refresh his memory—I don't believe there was anything stated about a second gesture and the person stood up the second time.

BY THE COURT: I don't recall a second gesture, however, I don't want to invade the province of the jury with what they heard, but—approach the bench, please.

WHEREUPON After an off-the-record conference at the bench, the following proceedings were had, to-wit:

MR. KEATING: I might emphasize in relating the facts as I recall them and if I am confusing you, I apologize. Of course, you are the judges of the facts, you recall the testimony as well as I. * * *."

█ We are of the opinion, from an examination of the closing argument as a whole, and the obvious guilt of the defendant, that the remarks complained of were not prejudicial to the defendant. Furthermore, we observe that since the jury imposed the minimum sentence for the offense committed, no prejudice has been shown.

In addition to the brief by counsel for defendant, a pro se supplemental brief was filed by the defendant, alleging several assignments of error, none of which possess sufficient merit to warrant discussion in this opinion; particularly his allegation of incompetency of his counsel. We wish to commend both counsel for their diligent representation of defendant during the trial and in the preparation of the brief on appeal, when the guilt of the defendant was obvious.

For all of the above and foregoing reasons, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BLISS, P. J., concurs.

BRETT, J., dissents.